ACCEPTED
01-15-00376-CR
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 1:23:15 PM
CHRISTOPHER PRINE
CLERK

CAUSE NO. 01-15-00376-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
9/8/2015 1:23:15 PM
CHRISTOPHER A. PRINE
Clerk

CHARLES EUGENE ROBERTSON V. THE STATE OF TEXAS

FROM THE 452ND JUDICIAL DISTRICT COURT
OF MCCULLOCH COUNTY, TEXAS
TRIAL COURT CAUSE NO. 5931

APPELLANT'S BRIEF

Michael L. Smith
Texas Bar No. 24072349
Haynes Law Firm, P.C.
309 N. Fisk
Brownwood, Texas  76801
Telephone: 325.646.2821
Facsimile:  325.643.3105
E-mail: msmith@haynesfirm.com
Attorney for Appellant

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38.1(a), the following is a list of parties to the trial court's judgment, as well as the names and addresses of trial and appellate counsel:

**Appellant:**

Appellant is Charles Eugene Robertson who was represented at the trial court and in this appeal by Michael L. Smith, 309 N. Fisk, Brownwood, Texas 76801.

**Appellee:**

Appellee is the State of Texas who was represented at the trial court and is represented in this appeal by Stephen Lupton, Assistant District Attorney, P.O. Box 635, Mason, Texas 76856.

# TABLE OF CONTENTS

**IDENTITY OF PARTIES AND COUNSEL**.............................. ii

**TABLE OF CONTENTS** ..................................................... iii

**TABLE OF AUTHORITIES** ................................................. iv

**STATEMENT OF THE CASE**.............................................. 1

**STATEMENT REGARDING ORAL ARGUMENT** .................... 2

**ISSUE PRESENTED**......................................................... 2

**STATEMENT OF THE FACTS** ........................................... 2

**SUMMARY OF THE ARGUMENT** ........................................ 7

**ARGUMENT** ................................................................... 8

A. Standard of Review and Authorities. ............................... 8

B. Applicable Law to Establish Assault.................................. 9

C. The Evidence is Insufficient to Support a Conviction......... 9

D. Conclusion ................................................................. 12

**PRAYER**....................................................................... 13

**CERTIFICATE OF COMPLIANCE** ...................................... 13

**CERTIFICATE OF SERVICE**............................................. 13

**APPENDIX** ................................................................... 14

# TABLE OF AUTHORITIES

## CASES

*Brooks v. State*, 323 S.W.3d 893 (Tex. Crim. App. 2010).........8

*Ervin v. State*, 331 S.W.3d 49 (Tex. App.—Houston

[1st Dist.] 2010, pet. ref'd).............................................8

*Kiffe v. State*, 361 S.W.3d 104 (Tex. App.—Houston

[1st Dist. 2011, pet. ref'd)...........................................8-9

## STATUTES

TEX. PENAL CODE § 22.01.......................................................9

CAUSE NO. 01-15-00376-CR

IN THE COURT OF APPEALS
FOR THE FIRST DISTRICT OF TEXAS
AT HOUSTON

CHARLES EUGENE ROBERTSON V. THE STATE OF TEXAS

FROM THE 452ND JUDICIAL DISTRICT COURT
OF MCCULLOCH COUNTY, TEXAS
TRIAL COURT CAUSE NO. 5931

**TO THE HONORABLE JUSTICES OF THE FIRST COURT OF APPEALS:**

Appellant files this appeal and will show that the trial court erred and that the trial court's judgment should be reversed.

## <u>STATEMENT OF THE CASE</u>

Appellant Charles Eugene Robertson ("Charles") was indicted on August 12, 2014 for assault of a household member. CR 5. Charles waived a jury and was tried before the court on February 13, 2015. CR13. On February 17, 2015, the trial court entered a Judgment of Conviction by Court finding Charles guilty of the charge and sentenced him to ten (10) years in the Institutional Division of the Texas Department of Criminal Justice. CR 14-17.

Charles timely filed a Motion for New Trial and Motion in Arrest of Judgment. CR 29-30. The trial court denied both on March 25, 2015. CR 31. Charles then timely filed his Notice of Appeal. CR 32. Charles now appeals the conviction because there was insufficient evidence to support a conviction in this case.

## STATEMENT REGARDING ORAL ARGUMENT

Appellant does not request oral argument.

## ISSUE PRESENTED

Whether the evidence was sufficient for a conviction.

## STATEMENT OF THE FACTS

### A. State's Direct Examination of Lori Brown

Charles Robertson and Lori Brown met in May of 2013 and soon began a dating relationship. RR 2:13. Charles moved into Ms. Brown's apartment in Brady, Texas. RR 2:14. Ms. Brown described the relationship as a "roller coaster" with "a lot of fighting". RR 2:16. One of the main struggles in the relationship involved a lack of transportation. RR 2:16-17. Ms. Brown worked at local convenience store in Brady. RR 2:17. Charles took odd jobs. RR 2:14.

2

On May 19, 2014, Ms. Brown accused Charles of assaulting her by hitting her in the face with his fist. CR 5; RR 2:21. Ms. Brown testified that the two of them had been having a heated argument over a period of several hours. RR 2:17-21. At some point things escalated according to Ms. Brown's testimony:

> Well, I guess we were outside and he had threatened me. That's how I felt, that it was a threat, and he said for me to just stay outside and he was going inside, and so I felt like I was going to be locked out of my own apartment. So I went to stop the door from shutting all the say. I just put my hand up against it, and it bounced back and hit him, and when it did, I guess it angered him even more, so he flung the door open and that's when he punched me.

RR 2:21.

There were no witnesses to this incident other than Ms. Brown and Charles. After the alleged assault Ms. Brown contacted a "co-worker and ... well-known friend". RR 2:25. The two went to get something to eat. RR 2:28. At some point the friend took a picture of Ms. Brown. RR 2:28. Then Ms. Brown went to work. RR 2:25. The alleged assault incident occurred at approximately 11:30 a.m., and Ms. Brown reported to work at 1:00 p.m. that same day—about 90 minutes after the incident. RR 2:25.

3

Ms. Brown testified that "my nose was swollen and my eye was swollen and bloodshot" and that "I actually had vessels in the right eye that were busted." RR 2:26.

Ms. Brown testified that she then called her mother, who called her little sister, who then called the police. RR 2:27. Brady Police Officer Shannon Hernandez arrived at Ms. Brown's work to get a statement. RR 2:27-28. Ms. Brown then testified that she went to the Brady Hospital at about midnight on the night of the incident. RR 2:30-31. Hospital staff conducted an x-ray and no broken bones were found. RR 2:31.

## B.    Cross-Examination of Lori Brown

Lori Brown was legally married to another person at the time she and Charles began dating. RR 2:42. Soon after Charles and Ms. Brown moved in together they purchased a car together. RR 2:43. They both went to Abilene, Texas and bought a 2004 Crown Victoria and put $1,500.00 down towards the purchase of the car. RR 2:43-44. Ms Brown initially testified that she paid "all" of the down payment "because [the money] was in my bank account." RR

4

2:44.  However, she acknowledged that Charles did pay about $500.00 towards the car.  RR 2:44.[1]

The legal title to the vehicle includes the names of Charles Robertson and Lori Brown.  RR 2:44.  Ms. Brown testified that she has had possession and sole use of the car since the date of Charles's arrest on May 19, 2014.  RR 2:45.

Soon after May 19, 2014, Ms. Brown made a visit to see Charles's mother and step-father at their home in Brady, Texas.  RR 2:46-48.

Ms. Brown testified that Charles called her from jail on a regular basis.  RR 2:47.  She further testified that she declined some of the calls but accepted others and spoke to him.  RR 2:48-50.  At some point Ms. Brown informed Charles over the phone while he was in jail that the relationship was over and that she was now in a new relationship with his cousin.  RR 2:48-51.

## C.   **Testimony of Charles's Family**

Charles's mother is Joyce Stafford, and she works as a travelling nurse for Brady Health Care Services.  RR 2:80.  Ms.

---

[1] Charles testified that they both paid $750 towards the $1500 down payment. RR 2:107.

Stafford testified that Ms. Brown came to her house the day after the alleged incident. RR 2:82. Ms. Brown did not appear to have any bruising or swelling. RR 2:84. And Ms. Brown told Ms. Stafford that it was the door that hit her in the face and not a fist. RR 2:85; RR 2:88 (stating to the prosecutor on cross-examination that "I'm telling you exactly what she told me", "she flung the door at him, and he automatically flung the door back open at her, and the door hit her.").

Charles's brother, Marcus Reid, testified that he saw Ms. Brown the day after the incident at the convenience store and that he did not see any bruising or swelling. RR 2:96.

## D. Charles's Testimony

After making a sealed record about the risks of testifying, Charles decided to testify at his own trial. RR 2:98-ff. Charles explained that the incident occurred because both he and Ms. Brown were pushing a door back and forth towards each other as they argued. RR 2:103. The door hit both parties several times as they argued. RR 2:103.

Charles explained that he and Ms. Brown had lots of relationship problems and that she was preparing to leave him to go

6

back to be with her husband. RR 2:105. Charles also explained that a large source of the problems revolved around the car. RR 2:107. Charles testified that he was arrested after the allegations made against him on May 19, 2014, and that obviously he is unable to use the car while being incarcerated.

## **SUMMARY OF THE ARGUMENT**

This is about two people arguing about the use of a vehicle. Lori Brown, the alleged victim in this case, purchased a car with Charles Robertson. They argued a lot and disagreed about who would have control over the car. The car troubles ended when Charles was arrested and jailed on allegations of assault. Charles spent ten (10) months in county jail, was tried and convicted for assault and sentenced to ten (10) years in prison. Predictably, there is no more arguing about the use of the car.

At trial the only evidence offered to support a conviction was the testimony of Ms. Brown and a photograph. No one was present at the time of the alleged assault except Ms. Brown and Charles. There is conflicting testimony about what happened—specifically, about what Ms. Brown says happened. Charles took the stand and vehemently denied the allegations. However, in spite of insufficient

7

evidence, the trial court convicted Charles and sentenced him to ten (10) years in the Institutional Division of the Texas Department of Criminal Justice.

Charles now urges this Court to reverse and enter an order of acquittal.

## ARGUMENT

### A. Standard of Review and Authorities

Texas courts review legal and factual sufficiency challenges using the same standard of review. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Ervin v. State*, 331 S.W.3d 49, 54 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Accordingly, evidence is sufficient to support a conviction if, considering all the record evidence in the light most favorable to the verdict, no rational factfinder could have found that each essential element of the charged offense was proven beyond a reasonable doubt. *Kiffe v. State*, 361 S.W.3d 104, 107 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Viewed in the light most favorable to the verdict, the evidence is insufficient under this standard in two circumstances: (1) the record contains no evidence, or merely "a modicum" of evidence, probative of an element of the offense; or (2) the evidence

8

conclusively establishes a reasonable doubt. *Kiffe*, 361 S.W.3d at 107.

Texas courts determine whether the necessary inferences supporting a conviction are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Id.* And if an appellate court finds the evidence is insufficient to support a conviction, the court must reverse the judgment and enter an order of acquittal. *Ervin*, 331 S.W.3d at 55.

## B.  Applicable Law to Establish Assault.

Pursuant to Texas Penal Code § 22.01, the State's indictment alleges that Charles Eugene Robertson "on or about May 19, 2014, did then and there intentionally, knowingly, or recklessly cause bodily injury to Lori Ann Brown a member of the defendant's household…." CR 5.

## C.  The evidence is insufficient to support a conviction.

This case is ultimately about credibility. There were no witnesses to the alleged assault in this case beyond the accused and the alleged victim.

In its closing argument, the State claimed that the alleged victim "had no motive to make any of this up." RR 2:120. This is incorrect. In fact, this case is about control over a vehicle. Charles and Ms. Brown bought a car together and both paid money for it. But since May 19, 2014, the only person benefitting from the use of the vehicle is Ms. Brown. Given her testimony that she works at a convenience store and needs transportation, it is clear that Ms. Brown did, in fact, have motive to make up a story about assault.

Further, and very importantly, there was testimony from Charles's family that Ms. Brown voluntarily went to the home of Charles's mother and step-father the day after the incident. RR 2:84. Charles's mother, Joyce Stafford, testified that she had a close face-to-face conversation with Ms. Brown the day after the alleged assault, and that Ms. Brown did not have any "bruising or any swelling...in her face." RR 2:84. In fact, Joyce Stafford testified that Ms. Brown explained that during an argument she slammed the door on Charles and he pushed the door back and it hit Ms. Brown in the face. RR 2:85. This is critically important testimony because Ms. Brown voluntarily went to the house to talk about what had happened. Joyce Stafford is a nurse who has experience

10

in observing people with physical injury, and in this particular case she testified that there was no observable injury and that Ms. Brown specifically told her that it was a door that hit her and not Charles. RR 2:85. This conclusively establishes a reasonable doubt. *Kiffe*, 361 S.W.3d at 107.

Ms. Brown further testified as follows: "I guess we were outside and he had threatened me. That's how I felt, that it was a threat, and *he said for me to just stay outside and he was going inside*, and so I felt like I was going to be locked out of my own apartment." RR 2:21 (emphasis added). Then she states: "So I went to stop the door from shutting all the way. I just put my hand up against it, and it bounced back and hit him, and when it did, I guess it angered him even more, so he flung the door open and that's when he punched me." RR 2:21.

This is quite a remarkable statement from the alleged victim. She is saying one thing (that she feels threatened), but doing the complete opposite (going inside the house to follow Charles and trying to stop a door from shutting). This is not the behavior one would expect from a person who feels unsafe and threatened—to actually go after the alleged assailant. Ms. Brown acknowledges

11

that Charles "said for me to stay outside and he was going inside...." RR 2:21. *But she goes in after him.* She clearly does not feel threatened and she clearly has no credibility on this issue, so she should not have any credibility on other issues of great importance.

Ultimately, there is simply a lack of evidence to support a conviction: (a) the testimony of the alleged victim and (b) a photograph of the alleged victim taken by a friend. Further, there is conflicting testimony about what Ms. Brown had to say about the events. Consequently, there is insufficient evidence to support a conviction this Court must reverse.

**D. Conclusion**

This case is all about control over a vehicle and Ms. Brown was able to get complete control over the car by making up these allegations about Charles. There is contradicting testimony about what happened and there is reasonable doubt in this case. This Court should reverse the trial court and enter an order of acquittal because a reasonable trier of fact would not be able to determine that Charles Eugene Robertson committed the alleged offense beyond a reasonable doubt.

12

## **PRAYER**

For the forgoing reasons, this Court should reverse the judgment of the trial court and enter an order of acquittal.

Respectfully submitted,

*/s/ Michael L. Smith*
Michael L. Smith
309 N. Fisk
Brownwood, Texas 76801
Telephone: 325.646.2821
Facsimile: 325.643.3105
Attorney for Appellant

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I hereby certify that this brief was prepared in Bookman Old Style 14-point font, and contains 2,789 total words, and that this number was calculated using the word count program of Microsoft Word, which is the program used to prepare this document.

*/s/ Michael L. Smith*
Michael L. Smith

## **CERTIFICATE OF SERVICE**

I certify that on September 9, 2015, a true and correct copy of the foregoing was on Stephen Lupton, 452nd District Attorney's Office via facsimile at 325.347.8404.

*/s/ Michael L. Smith*
Michael L. Smith

## APPENDIX

1. Judgment of Conviction by Court

# Appendix Tab 1

CASE NO. 5931
INCIDENT NO./TRN#:

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| | § | CLERK DISTRICT COURT |
| | § | McCULLOCH COUNTY, TEXAS |
| V. | § | 452ND JUDICIAL DISTRICT MICHELLE PITCOX |
| | § | |
| CHARLES EUGENE ROBERTSON | § | McCULLOCH COUNTY, TEXAS |
| | § | |
| STATE ID NO.: TX 05851782 | § | |

## JUDGMENT OF CONVICTION BY COURT - WAIVER OF JURY TRIAL

Judge Presiding:  **Hon. Robert R. Hofmann**     Date Judgment Entered: **February 17, 2015**

Attorney for State: **Tonya Spaeth Ahlschwede**     Attorney for
**Stephen R. Lupton**     Defendant: **Mike Smith**
**Perry Sims**

Offense for which Defendant Convicted:
**Assault Family Violence with Previous Conviction**

| Charging Instrument: | Statute for Offense: |
|---|---|
| **Indictment** | **TPC 22.01** |

| Date of Offense | Defendant's Date of Birth: |
|---|---|
| **May 19, 2014** | **March 11, 1980** |

| Degree of Offense: | Plea to Offense: |
|---|---|
| **Third Degree Felony** | **Not Guilty** |

| Verdict of Court: | Findings on Deadly Weapon |
|---|---|
| **Guilty** | **N/A** |

| Plea to First Enhancement | Plea to Second Enhancement/Habitual |
|---|---|
| Paragraph: **N/A** | Paragraph: **N/A** |

| Findings on First Enhancement | Findings on Second Enhancement/ Habitual |
|---|---|
| Paragraph: **N/A** | Paragraph: **N/A** |

| Punishment Assessed by: | Date Sentence Imposed: | Date Sentence to Commence: |
|---|---|---|
| **Judge** | **February 17, 2015** | **February 17, 2015** |

**Punishment and Place
Of Confinement:**     TEN (10) YEARS INSTITUTIONAL DIVISION, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE

### THIS SENTENCE SHALL RUN CONCURRENTLY

14

☐ SENTENCE OF CONFINEMENT SUSPENDED, DEFENDANT PLACED ON
COMMUNITY SUPERVISION FOR _____ (___) YEARS

| Fine: | Court Costs: | Restitution: | Restitution Payable to: |
|---|---|---|---|
| $0.00 | $349.00 | $0.00 | ☐ **VICTIM** ☐ **AGENCY** (See Below) |

**Sex Offender Registration Requirements do not apply to the Defendant.** TEX. CODE CRIM. PROC. Chapter 62. The age of the victim at the time of the offense was **N/A.**

|  | If Defendant is to serve sentence in TDCJ, enter incarceration periods in chronological order. |
|---|---|
| **TIME CREDITED:** | From May 19, 2014 to February 17, 2015 From _____ to _____ |
|  | From _____ to _____ From _____ to _____ |
|  | From _____ to _____ From _____ to _____ |
|  | If Defendant is to serve sentence in county jail or is give credit toward the fine and costs, enter days credited below. |
|  | _____ **DAYS** NOTES: **N/A** |

**All pertinent information, names and assessments indicated above are incorporated into the language of the judgment below by reference.**

This cause was called for trial in McCulloch County, Texas. The State appeared by her District Attorney.

**Counsel / Waiver of Counsel (select one)**

☑ Defendant appeared in person with Counsel.

☐ Defendant knowingly, intelligently, and voluntarily waived the right to representation by counsel in writing in open court.

It appeared to the Court that Defendant was mentally competent and had plead as shown above to the charging instrument. Both parties announced ready for trial. The Defendant entered a plea to the charged offense. The Court received the plea and entered it on record.

The Court heard the evidence submitted and argument of counsel. The Court delivered its verdict in the presence of Defendant and defense counsel.

The Court received the verdict and **ORDERED** it entered upon the minutes of the Court.

**Punishment Assessed by Court**

☐ **Jury**. Defendant entered a plea and filed a written election to have the jury assess punishment. The jury heard evidence relative to the question of punishment. The Court charged the jury and it retired to consider the question of punishment. After due deliberation, the jury was brought into Court, and, in open court, it returned its verdict as indicated above.

☑ **Court**. Defendant elected to have the Court assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

☐ **No Election**. Defendant did not file a written election as to whether the judge or jury should assess punishment. After hearing evidence relative to the question of punishment, the Court assessed Defendant's punishment as indicated above.

The Court **FINDS**, beyond a reasonable doubt, Defendant committed the above offense and **ORDERS**,

15

**ADJUDGES AND DEGREES** that Defendant is **GUILTY** of the above offense. The Court **FINDS** the Presentence Investigation, if so ordered, was done according to the applicable provisions of TEX. CODE CRIM. PROC. art. 42.12 § 9.

The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

**Punishment Options (select one)**

☑ **Confinement in Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, Institutional Division, TDCJ**. The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to this county's District Clerk's Office. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail--Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of McCullochCounty, Texas on the date the sentence is to commence. Defendant shall be confined in the McCullochCounty Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to this county's District Clerk's Office. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a FINE ONLY. The Court **ORDERS** Defendant to proceed immediately to the Office of the McCulloch County **DISTRICT CLERK**. Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this case.

**Execution / Suspension of Sentence (select one)**
☑ The Court **ORDERS** Defendant's sentence **EXECUTED**.

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED**. The Court **ORDERS** defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court Orders that Defendant is given credit noted above on this sentence for the time spent incarcerated.

16

**Furthermore, the following special findings or orders apply:**

$ _1,729,_ reparation for Court Appointed Attorney fee to McCulloch County, 199 Courthouse Square, Brady, Texas, 76825.

**Signed and entered on February 17, 2015.**

Clerk: Michelle Pitcox

_Ron Hofmann_
Judge Presiding

Defendant's Right Thumb Print

17